REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1813-GW-RAOx | Date | April 12, 2021 |
|---|---|---|---|
| Title | *Daniel Pickering v. FCA US LLC, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None Present                             None Present

**PROCEEDINGS:** IN CHAMBERS - RULING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [11]; and PLAINTIFF'S MOTION FOR REMAND [13]

Attached hereto is the Court's Ruling. The Court allows Plaintiff's filing of the First Amended Complaint and, because it adds a non-diverse defendant to the action, grants Plaintiff's motion to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

:

Initials of Preparer   JG

<u>**Pickering v. FCA US LLC**</u>, Case No. 2:21-cv-01813-GW-(RAOx)
Rulings on: (1) Motion for Leave to File First Amended Complaint, and (2) Motion for Remand

## I. Background

FCA US LLC ("FCA") removed this action to this Court on February 26, 2021, asserting this Court's subject matter jurisdiction based upon complete diversity pursuant to 28 U.S.C. § 1332(a)(1). At the time of removal, FCA was the only named defendant, and the Complaint contained only a single claim for violation of the Song-Beverly Consumer Warranty Act, involving a vehicle that plaintiff Daniel Pickering ("Plaintiff") purchased from West Covina CDJR and as to which FCA issued an express warranty. *See* Complaint ¶¶ 4, 8-9. Plaintiff also alleged that he had delivered the vehicle to FCA or its authorized repair facilities no less than four times, but that the vehicle was returned to him each time without being properly repaired. *See id.* ¶¶ 11-12.

Plaintiff now moves for permission to file a First Amended Complaint adding (among other things) Glendora CDJR, LLC ("Glendora CDJR")[1] as a defendant and a negligence claim (against both FCA and Glendora CDJR), and – if allowed to do that – to remand the action for lack of diversity jurisdiction. Pursuant to Local Rule 7-15 and because the Court concludes it can rule on the motions without the need for further presentations, it issues this ruling without holding oral argument or hearing.

## II. Analysis

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction,[2] the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, Section 1447(e) gives this Court only two options here – either remand the action to state court or "deny joinder" of Glendora CDJR. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001);

---

[1] Glendora CDJR is identified as "FCA's authorized and actual agent regarding repairs and maintenance of the Subject vehicle" to which Plaintiff delivered the vehicle for repair work. *See* First Amended Complaint ¶ 32.

[2] FCA does not contest that adding Glendora CDJR as a defendant would destroy diversity here (though Plaintiff incorrectly treats Glendora CDJR as if it were a corporation, not a limited liability company, for purposes of jurisdiction, *see, e.g.*, Docket No. 13, at 1:26-27, 2:8-9).

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

A leading practice guide has identified a number of factors that should be taken into account by a district court in exercising its discretion under Section 1447(e): 1) whether the entity sought to be joined is an entity whose presence is "needed for just adjudication" and would be ordered joined under Federal Rule of Civil Procedure 19(a); 2) whether, if joinder is denied, an action against the new defendant in state court would be barred by the statute of limitations; 3) whether there has been an unexplained delay in seeking joinder; 4) whether it appears that Plaintiff is simply seeking to join a party solely for purposes of destroying diversity; 5) whether the claim against the proposed party appears valid; and 6) whether there is any prejudice that could befall the plaintiff if the amendment is denied. *See* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) ("<u>Phillips & Stevenson</u>"), ¶¶ 2:3645-3651; *see also, e.g.*, *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002). Some district courts have analyzed additional factors as well. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1278 (C.D. Cal. 2015) (considering also "the closeness of the relationship between the new and the old parties," "the effect of an amendment on the court's jurisdiction," and "the new party's notice of the pending action").

First, the addition of Glendora CDJR and the addition of a negligence claim gives Plaintiff an entirely separate claim/theory on which to recover in the case and allows Plaintiff to at least explore more forcefully the possibility that injury was suffered at the point-of-repair as opposed to FCA's simple alleged warranty failure. If Glendora CDJR was indeed the – or at least a – negligent party, recovering *against FCA* for negligence-in-repair would require Plaintiff to establish some sort of agency relationship, which he may or may not be able to do.[3] In that light, it is conceivable that one might conclude that Glendora CDJR would be considered necessary for just adjudication under Rule 19(a) of the Federal Rules of Civil Procedure because Plaintiff might otherwise not be able to obtain "complete relief." Still, the available case law suggests that this is not

---

[3] Although FCA points to California Civil Code § 1793.2(d) as providing a right of indemnity against a manufacturer for "[t]he retail seller," Glendora CDJR is not alleged to be the retail seller of Plaintiff's vehicle. *See* Complaint ¶¶ 4, 8 (which states that the subject vehicle was purchased from "West Covina CDJR").

2

necessarily the correct conclusion or way of assessing that question. *See, e.g.*, *Ward v. Apple Inc.*, 791 F.3d 1041, 1049 (9th Cir. 2015) ("If the Plaintiffs prevail, they will be able to recover all of their damages from Apple alone, without naming ATTM as a party. Accordingly, ATTM is not a required party under Rule 19(a)(1)(A).") (omitting internal citation); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (indicating that Rule 19(a)(1)(A) "complete relief" analysis "is concerned with consummate rather than partial or hollow relief *as to those already parties*, and with precluding multiple lawsuits on the same cause of action") (omitting internal quotation marks) (emphasis added) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)); *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 658-59 (S.D. Cal. 2018) (indicating that the mere possibility of indemnity between current defendant and proposed defendant does not meet the requirements of Rule 19's "complete relief" analysis). Analysis under Rule 19(a), therefore, may not favor Plaintiff's position on amendment.

Second, no one has given the Court any reason to conclude that there may be a statute-of-limitations bar if Plaintiff were forced to proceed against Glendora CDJR in a new, separate, action in state court. This factor, therefore, counsels in favor of denying an attempted addition of Glendora CDJR to this action.

The third and fourth factors examine whether there has been an unexplained delay in seeking to add Glendora CDJR to the case and the *reason* Plaintiff seeks to add Glendora CDJR. There is no significant delay in Plaintiff's attempt to add Glendora CDJR. He moved for leave to amend only 49 days after he initially filed suit and 20 days after FCA removed the case. Plaintiff certainly did not wait for substantive proceedings in this Court to commence before seeking amendment and remand.

The reason Plaintiff gives for any delay at all is not incredibly persuasive, however. He indicates that he acted "[a]s soon as [he] determined that diversity was at issue," Docket No. 11, at 6:28-7:1, but also asserts that he only recently learned of "the proper corporate entity that owned and/or operated the authorized dealership where the car was bought and serviced," Docket No. 13, at 1:19-22. *See also* Declaration of Russell D. Rascati in Support of Motion for Leave to File First Amended Complaint, Docket No. 12, ¶¶ 4-5. On the other hand, he did name "Doe" defendants in his original Complaint

3

and there was at least *some* indication in the Complaint that failed repair attempts were germane to his allegations (though surely he was aware of the general identity, if not the precise corporate entity or structure, of the repair facility or facilities where he took his vehicle[4]).  *See* Complaint ¶¶ 11-13.  Considering all of this information, there is unquestionably at least some possibility that Plaintiff is attempting to add Glendora CDJR as a defendant simply to defeat federal jurisdiction.  That Plaintiff sought leave to amend soon after filing suit and soon after removal favors his position somewhat, though the reason for the delay is, at best, neutral for him.

The fifth recognized factor considers the seeming validity of the claim.[5]  FCA's argument here is that the negligence claim would be barred by the economic loss doctrine.  But the economic loss doctrine is founded on the theory that purely economic damages should be recovered in contract, not tort.  As to Glendora CDJR, however, it is not clear that Plaintiff would have a potential recovery in contract.  It did not sell him his vehicle.  *See* Complaint ¶¶ 4, 8.  If he were barred from recovering in tort and has no contract-based route, it is unclear what recourse he would have at all against Glendora CDJR, if indeed Glendora CDJR otherwise negligently-repaired his vehicle.  This is enough to say that, at least at this point in the action, the Court cannot conclude that any negligence claim at least as to Glendora CDJR is clearly doomed.  This factor therefore favors allowing amendment.

Finally, if the Court were to deny Plaintiff amendment here, he would need to proceed with a second, likely substantially-overlapping, action in state court in order to potentially recover from Glendora CDJR.  Yet, this situation, if it constitutes prejudice,

---

[4] Plaintiff merely asserts that Glendora CDJR was "unknown *to counsel*." Docket No. 11, at 5:22-25 (emphasis added).  That Plaintiff may not have informed his attorney of Glendora CDJR's identity does not aid his position here.

[5] The parties invoke the fraudulent joinder doctrine and standard in their briefing.  The fraudulent joinder doctrine is applied to an *existing* defendant *as of the time of the removal* in order to attempt to discern whether that defendant is a "sham" defendant.  *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 n.2 (C.D. Cal. 2002).  Here, Plaintiff attempts to add Glendora CDJR as a defendant *after* removal.  Therefore, the issue is simply assessed by way of a normal analysis under Section 1447(e) – an analysis that does not contemplate the fraudulent joinder doctrine.  *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999); *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE:  FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020), ¶ 2:3658; *cf. Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (concluding, in the course of determining jurisdiction at the time of removal, that non-diverse party named in state court action may be disregarded if federal court determines that party's joinder is a "sham" or "fraudulent" such that no possible cause of action has been stated against that party).

would largely be prejudice of Plaintiff's own making considering his failure to name Glendora CDJR as a defendant in the original Complaint.  The Ninth Circuit has affirmed – under the abuse-of-discretion review standard – a district court's decision to deny joinder where just such a second-lawsuit situation would result (and other factors supported the decision).  *See Newcombe*, 157 F.3d at 691.  Because of the lack of any real, significant, prejudice (that would not be attributable to Plaintiff himself), the Court therefore concludes that this factor weighs if only slightly in favor of denying Plaintiff the ability to add Glendora CDJR as a defendant here.  However, the need for duplicative litigation would not only prejudice Plaintiff, it would also violate principles of judicial economy, requiring two courts in two different jurisdictions/venues to address largely-overlapping facts.

Given that there are no factors that point *strongly* in the direction of denying Plaintiff leave to amend, that he acted to add Glendora CDJR soon after filing and removal, and that the claim for negligence against Glendora CDJR seems, at least at this stage, to be viable, the Court will exercise its discretion to allow Plaintiff's amendment adding Glendora CDJR as a defendant (along with the other desired amendments).  Permitting the amendment allows Plaintiff to explore –  in a single action, without the need to burden two separate courts with essentially the same facts – where the fault, if any, actually lies with respect to the condition of Plaintiff's vehicle.  While Plaintiff's explanation for addition of Glendora CDJR to the action at this stage at least suggests that he may, in fact, be doing so because of its impact on this Court's jurisdiction, this is not enough of an overriding factor in this case to require denying him the amendment.

### III. Conclusion

In sum, the Court allows Plaintiff's filing of the FAC and, because it adds a non-diverse defendant to the action, grants Plaintiff's motion to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).